IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULO DE LA ROSA § | | |
|    TDCJ-CID #804662, § | | |
|                 Plaintiff, § | | |
| § | | |
| V. § | C.A. NO. C-08-378 | |
| § | | |
| WILLIAM BURGIN, M.D., § | | |
|                 Defendant. § | | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS*
AND FOR AMENDED RELIEF AND TO DISMISS ACTION**

**Background**

On December 1, 2008, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that defendant Dr. Burgin had been deliberately indifferent to his serious medical needs by denying him an appointment to see a specialist in Galveston for his gastritis. (D.E. 1). Plaintiff also filed a copy of his inmate trust fund account (D.E. 1, attachment 1), but did not include a completed application to proceed *in forma pauperis*. ("i.f.p."), nor did he pay the $350.00 filing fee for civil cases. Plaintiff's trust fund account statement was treated as a motion to proceed i.f.p., and it was recommended that plaintiff's request to proceed i.f.p. be denied, and that the case be dismissed without prejudice (D.E. 5). There has been no ruling by the District Judge on the memorandum and recommendation. It now appears plaintiff has filed his formal application for leave to proceed *in forma pauperis* (D.E. 7) as required by the Clerk (D.E. 7). Plaintiff has also filed an amended request for relief, seeking $3,000,000 in compensatory damages and $3,000,000 in punitive

damages (D.E. 8). Denial of plaintiff's requests for relief is recommended for the same reasons set forth in the memorandum and recommendation of December 3, 2008 (D.E. 5), and repeated here.

### Three strikes rule

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

### Analysis

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See De La Rosa v. Prasifka, et al., 2:02cv097 (S.D. Tex., Aug. 13, 2002); De La Rosa v. Cockrell, et al., 3:03cv565 (N.D. Tex., Apr. 8, 2003); and De La Rosa v. Dretke, et al., 3:03cv543 (N.D. Tex. Jan. 21, 2004). Plaintiff is now barred from filing a civil rights suit unless he is in imminent danger of physical injury.

In the present case, plaintiff has sued Dr. Burgin complaining that he denied him an appointment to see a stomach specialist on February 14, 2008, in deliberate indifferent to his serious medical needs. (D.E. 1 at 4).

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

In this case, plaintiff fails to allege imminent injury for purposes of § 1915(g). Indeed, he is complaining only that he believes another doctor scheduled him to see a stomach specialist on February 14, 2008, and Dr. Burgin refused to let him attend the appointment. However, plaintiff has quoted from the denial of a grievance which reveals that, since September 2007, he has been seen by medical personnel and that he is taking Zantac for his gastritis. Id. In addition, the quoted grievance response indicates that "there is no documentation noting the need to go to Hospital Galveston on February 14, 2008." Id. Moreover, no where in his complaint does plaintiff complain of pain, weight loss, or any other serious symptom caused by his gastritis. Id. There is no present threat of harm or

injury as a consequence of his missing an allegedly scheduled appointment. As such, plaintiff fails to allege imminent harm for purposes of § 1915(g).

## **Recommendation**

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to allege successfully that he is in imminent danger of physical harm. Accordingly, it is respectfully recommended that plaintiff's application for leave to proceed *in forma pauperis* and his request for monetary and punitive damages (D.E. 7, 8) be denied, and that this lawsuit be dismissed without prejudice.

Respectfully submitted this 26th day of December, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).