UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULO DE LA ROSA, | § | |
| TDCJ-CID #804662 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. No. CC-08-378 |
| | § | |
| WILLIAM BURGIN, M.D., | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

The United States Magistrate Judge filed her Memorandum and Recommendation on December 26, 2009. D.E. 9. After receiving permission from the Magistrate Judge to file his objections late (D.E. 11), Plaintiff filed objections to the Memorandum and Recommendation on February 2, 2009. D.E. 12.

Plaintiff sues pursuant to 42 U.S.C. § 1983, alleging that Defendant was deliberately indifferent to his serious medical needs when he denied Plaintiff an appointment to see a specialist located in Galveston. D.E. 1. Plaintiff has moved to proceed *in forma pauperis* and has filed an amended request for relief, seeking three million dollars in compensatory damages and the same amount in punitive damages. D.E. 7; D.E. 8. The Magistrate Judge recommends denying both of these motions and dismissing Plaintiff's suit, as Plaintiff is barred from filing *in forma pauperis* suits under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). D.E. 9. Plaintiff objects, claiming

that he should not be barred from filing suit by the three strikes rule, as he is in imminent danger of physical harm.  D.E. 12.

The three strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), bars a plaintiff from filing civil rights suits *in forma pauperis* if he has had three or more actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  Plaintiff admits that he has had at least three prior cases dismissed on such grounds. D.E. 12; *see De La Rosa v. Prasifka, et al.*, 2:02-cv-097 (S.D. Tex., Aug. 13, 2002); *De La Rosa v. Cockrell, et al.*, 3:03-cv-565 (N.D. Tex., April 8, 2003); *De La Rosa v. Dretke, et al.*, 3:03-cv-543 (N.D. Tex., Jan. 21, 2004).  Accordingly, Plaintiff is barred from filing a civil rights suit *in forma pauperis* unless he is in imminent danger of physical injury.

Plaintiff alleges that Dr. Burgin denied him an appointment to see a medical specialist in Galveston for his gastritis, and that this denial constitutes deliberate indifference to Plaintiff's serious medical needs.  D.E. 1.  He reiterates this claim in his objections to the Magistrate Judge's recommendation, saying that this denial places him in imminent danger of physical harm.  D.E. 12.  However, as the Magistrate Judge notes, Plaintiff is currently receiving treatment for gastritis and not currently suffering from serious symptoms.  D.E. 9.  In order to meet the imminent danger requirement of § 1915(g), the threat to a plaintiff must be serious, real, and an emergency where "time is pressing." *Heimerman v. Litscher*, 337 F. 3d 781, 782 (7th Cir. 2003); *see Ciarpaglini v. Saini*, 325 F.3d 328, 330 (7th Cir. 2003).  While Plaintiff does have painful symptoms resulting from his

illness, he has not alleged that there is imminent danger to him resulting from the

denial of a medical appointment.  Accordingly, Plaintiff is barred from filing *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915(g).

   Having reviewed de novo the Magistrate Judge's Memorandum and

Recommendation, the pleadings on file, and Plaintiff's objections, the Court

accepts the Magistrate Judge's recommended decision.

   Plaintiff's motions to proceed *in forma pauperis* (D.E. 7) and for amended

relief (D.E. 8) are DENIED.  Plaintiff's suit is dismissed without prejudice.


        ORDERED this____*11*____day of_____*Aug*_____2009.


                                    HAYDEN HEAD
                                    CHIEF JUDGE